# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                          **Case No. 6:08-cr-228-Orl-22KRS**

**YAHAIRA CORDERO-GONZALEZ**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT CORDER-GONZALEZ'S MOTION TO DISMISS INDICTMENT AND ALTERNATIVE REQUEST FOR BILL OF PARTICULARS (Doc. No. 34)** |
| **FILED:** | **November 21, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Defendant Cordero-Gonzalez is charged in a one-count Indictment with conspiring to possess with intent to distribute and to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride in the amount of five kilograms or more. The conspiracy is alleged to have occurred beginning on an unknown date, but no later than November 2005, through June 12, 2007, in various counties in Florida, in the Commonwealth of Puerto Rico and elsewhere in violation of 21 U.S.C. § 846. Doc. No. 3. The Defendant contends that the Indictment is "generally vague, overly broad and lacks any specificity." Doc. No. 34 ¶ 2. Accordingly, he seeks dismissal of the Indictment or, alternatively, a bill of particulars.

The United States responds that the Indictment is sufficient because it states all of the elements of the offense charged. It further submits that it has provided counsel for the Defendant with extensive discovery of the facts underlying the charge, including every DEA Form 6 report of investigation, audio recordings and transcripts of recordings obtained through two Title III wiretaps. Doc. No. 35.

The United States Court of Appeals for the Eleventh Circuit has addressed the constitutional requirements for an indictment charging a drug conspiracy as follows:

> We begin by observing that an indictment will pass constitutional muster:
>
>> if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.
>
> *Hamling v. United States*, 418 U.S. 87 . . . (1974) . . . . An indictment that tracks the wording of the statute under which an offense is charged will meet these constitutional requirements if the language sets forth the essential elements of the crime, . . . and adequately specifies the time, place and participants involved . . . . Furthermore, an indictment for conspiracy need not be as specific as an indictment for a substantive count. *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. [1983]) . . . .

*United States v. Harrell*, 737 F.2d 971, 975 (11th Cir. 1984)(some internal citations omitted).

The essential elements of a drug conspiracy in violation of 21 U.S.C. § 846 are as follows:

> First:   That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

>    Second:    That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it; and
>
>    Third:    That the object of the unlawful plan was to possess with intent to distribute and to distribute controlled substances, as charged.

*See* Eleventh Circuit Pattern Jury Instructions (Criminal) Instruction 87 (2003). It is not necessary that the United States allege overt acts in furtherance of a drug conspiracy in order to survive a motion to dismiss. *Harrell*, 737 F.2d at 975 n.4.

Taken as a whole, the present Indictment is sufficient. It alleges that Cordero-Gonzalez knowingly and willfully joined in a conspiracy to possess with intent to distribute and to distribute cocaine hydrocholoride. It alleges the time span of the conspiracy, the geographic location of the conspiracy and identifies many alleged co-conspirators. *See Yonn*, 702 F.2d at 1348.[1]

The Defendant also seeks a bill of particulars pursuant to Fed. R. Crim. P. 7(f). "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986)(original emphasis). "[A] defendant is not entitled to a bill of particulars 'with respect to information which is already available through other sources.'" *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990)(quoting *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986)).

The United States represents that it has given the Defendant voluminous discovery related to the charged offense. The Defendant has not identified additional information that he contends is

---

[1] The *Yonn* court distinguished the facts before it from the decision of the United States Court of Appeals for the Ninth Circuit in *United States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979), upon which Defendant relies in this case. I note that the *Cecil* case is not binding authority in this Court, nor is it persuasive in light of the decisions in the Eleventh Circuit regarding sufficiency of indictments.

necessary for trial preparation. Therefore, the request for a bill of particulars is also not availing. *See Rosenthal*, 7923 F.2d at 1227.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on this 11th day of December, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy